# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **P.P.**

**No. 22-0168** (Cabell County 21-JA-43)

## MEMORANDUM DECISION

Petitioner Father R.P., by counsel Moriah N. Myers, appeals the Circuit Court of Cabell County's February 2, 2022, order terminating his parental rights to P.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Andrew T. Waight, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sarah Dixon, also filed a response on the child's behalf in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2021, the DHHR filed a petition alleging that petitioner abused and neglected the child as a result of his substance abuse and altercations with the mother in the hospital shortly after the child was born drug affected. Thereafter, the circuit court accepted petitioner's stipulation to the allegations in the petition and adjudicated him as an abusing parent. The court also granted petitioner a post-adjudicatory improvement period, which the DHHR moved to terminate shortly thereafter because of petitioner's continued positive drug screens. By November of 2021, the circuit court denied petitioner's motion to extend his improvement period due to his noncompliance, including his participation in domestic altercations with the mother.

The court held a dispositional hearing in January of 2022. The DHHR presented evidence that petitioner had enrolled in several drug treatment programs but failed to complete a single one.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The DHHR also showed that petitioner missed thirty-three drug screens, was inconsistent with parenting and adult life skill classes, and continuously tested positive for illicit substances when he did submit to screens. Ultimately, the court found that petitioner failed to substantially address his substance abuse. The circuit court determined that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for P.P.'s welfare to terminate petitioner's parental rights. Petitioner now appeals the February 2, 2022, dispositional order terminating his parental rights.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating his parental rights when the DHHR filed the case plan five months late. Petitioner correctly states that after the granting of a post-adjudicatory improvement period, the DHHR must file a case plan within thirty days, which admittedly did not occur below. *See* Rule 37 of the Rules of Procedure for Child Abuse and Neglect Proceedings. However, petitioner fails to establish how he was prejudiced in any way by the DHHR's failure to comply with this rule, given that the MDT adopted the terms of his case plan in July of 2021 and the DHHR began offering services to petitioner thereafter. Clearly, petitioner was fully on notice of what was required of him to successfully address the conditions of abuse and neglect and he does not argue that he was confused or unaware of the court's expectations of him during these proceedings. We have explained that the "purpose of the family case plan . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 2, in part, *In re Desarae M.*, 214 W. Va. 657, 591 S.E.2d 215 (2003) (citation omitted). Because petitioner was aware of the steps necessary to remedy the conditions of abuse and neglect, we find that vacation of the dispositional order is not warranted under the specific circumstances of this case. Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (requiring vacation of dispositional orders when the process of abuse and neglect proceedings has been "substantially disregarded or frustrated").

---

[2]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption by the foster family.

Further, the DHHR filed the case plan prior to the dispositional hearing, and the plan clearly shows that the DHHR requested termination of petitioner's parental rights and that the permanency plan for P.P. was adoption. Additionally, the DHHR's court summary prior to the dispositional hearing requested termination of his parental rights, thereby demonstrating that petitioner's argument that the child's permanency plan was never communicated to the parents is without merit. Accordingly, any argument petitioner raises on appeal regarding a lack of notice cannot succeed.[3]

Next, petitioner argues that the DHHR failed to make reasonable efforts to reunify the family. However, petitioner's arguments are utterly belied by the record which shows that the DHHR provided numerous services to petitioner throughout his improvement period. Petitioner was provided drug screening but missed them or tested positive for illicit substances. Petitioner's parenting and education provider assisted him with seeking drug treatment, but petitioner either was removed from programs or quit without completing a single program. Petitioner attended only a few parenting education and adult life skills classes, lied about his employment, and could not exercise visits with the child due to the couple's constant fighting and altercations.

Petitioner ignores that "[w]hen any improvement period is granted to a respondent pursuant to this section, the respondent shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). Although the Court is concerned with the DHHR's untimely filing of the case plan, under the specific circumstances of this case, we believe that petitioner was fully aware that achieving and maintaining sobriety was required of him. Furthermore, petitioner blames the DHHR worker for not obtaining information regarding his alleged medication-assisted treatment and residing at a sober living home, but petitioner failed to sign medical releases of information. *See* W. Va. Code § 49-4-610(4)(B) (requiring respondents to execute a "release of all medical information" including "information provided by mental health and substance abuse professionals and facilities"). In short, petitioner completely failed to respond to the DHHR's reasonable efforts to reunify the family and, as such, cannot dispute the circuit court's findings that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. *See* W. Va. Code § 49-4-604(d)(3).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 2, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

---

[3]Petitioner also alleges that he was not properly served with the case plan. However, petitioner did not raise the alleged lack of service of the case plan prior to or during the dispositional hearing, thereby waiving the issue. *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.") (citation omitted).

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn